UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
SECURITIES AND EXCHANGE COMMISSION,

                    Plaintiff,

      -against-

NORTHSHORE ASSET MANAGEMENT, LLC, et al.,

                    Defendants.

------------------------------------- x

Civil Action No.
05-CV- 2192 (WHP)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/26/12

## ORDER APPROVING MOTION OF ARTHUR STEINBERG, RECEIVER, FOR AN ORDER (I) AUTHORIZING CERTAIN CASE CLOSURE ACTIVITIES; (II) DISCHARGING THE RECEIVER AND (III) GRANTING CERTAIN ANCILLARY RELIEF

### [DISCHARGE ORDER]

Upon consideration of the Motion[1] dated June 14, 2011, by Arthur Steinberg, the court-appointed Receiver for the Receivership Estate, (a) for entry of an order authorizing certain case closure activities and ancillary relief as set forth herein and (b) upon the Court's receipt of written confirmation from the Receiver of the completion of the case closure activities set forth in the Motion, entry of an order discharging the Receiver from his duties and responsibilities and enjoining claims against the Receiver and his professionals; and due notice of the Motion having been provided to counsel for the Commission and all other parties requesting notice in the Receivership Proceeding; and the Receiver having delivered a letter with the Court on July 3, 2012, confirming that all case closure activities set forth in the Closing Order have been completed; and it appearing that no other or further notice need be given or is required; and the Court having jurisdiction over the Receivership Proceeding pursuant to (i) Section 22(a) of the

---

[1]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Securities Act of 1933, 15 U.S.C. § 77v(a), (ii) Sections 21(e) and 27 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 77u(e) and 78aa, and (iii) Section 214 of the Investment Advisers Act of 1940, 15 U.S.C. § 80b-14; and venue being proper; and upon the full record of the Receivership Proceeding before the Court; and due consideration having been given to the Motion and sufficient cause having been shown therefore; and the Court having determined that the Receiver has completed his duties and responsibilities as receiver in accordance with the Injunction Order; and after due deliberation and sufficient cause appearing therefore; it is hereby

ORDERED, that the Motion is GRANTED; and it is further

ORDERED, that the Receiver is no longer bound by and hereby is discharged and released from his duties, obligations and responsibilities as receiver as set forth in the Injunction Order; and it is further

ORDERED, that upon entry of this Order, the Receiver and his professionals, including but not limited to King & Spalding, LLP, Kaye Scholer LLP, Goldin Associates, L.L.C., Morris-Anderson & Associates, Ltd. and CBIZ MHM, LLC, and all persons acting by, through, under or in concert with any of them, shall not be liable to anyone for his, her, or their own good faith compliance with: (i) any order, rule, law, judgment or decree, including those enacted in foreign jurisdictions; (ii) the duties and responsibilities as Receiver or as professional to the Receiver; and/or (iii) any actions taken or omitted by them, except on a finding by this Court that he, she, it or they acted or failed to act as a result of misfeasance, bad faith or gross negligence or in reckless disregard of his, her, its or their duties; and it is further

ORDERED, that upon entry of this Order, all creditors, investors, shareholders, account holders, beneficial owners of accounts and other parties in interest, along with their respective present or former employers, agents, officers, directors, shareholders, members, principals,

successors or assigns, shall be permanently and forever barred, restrained and enjoined from taking any action to impose or seeking to impose liability on the Receiver and his professionals, without first obtaining relief to do so from the Court and only to the limited to extent provided by the exception in sub-clause (iii) above; and it is further

ORDERED, that the requirement set forth in Rule 7.1 of the Rules of the United States District Court for the Southern District of New York, requiring the filing of a memorandum of law is hereby dispensed with and waived; and it is further

ORDERED, that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
July 26, 2012

ENTERED:

_____
United States District Court Judge